BOUTALL, Judge.
Madeline Barry Lacoste was awarded damages for personal injuries against South Central Bell Telephone Company occasioned by her being thrown from the seat of a New Orleans Public Service Inc. bus which stopped abruptly for a falling wire owned by the Telephone Company. The Telephone Company appeals, it being the only defendant cast in judgment.
Plaintiff was a passenger on the bus proceeding along Wickfield Drive in the City of New Orleans when the bus driver was confronted with a falling electric wire across the path of the bus, some ten feet away. Believing the electric wire to be live and dangerous, the bus driver stopped abruptly to avoid it, causing plaintiff to slide from her seat onto the floor of the bus, injuring her back and leg. It was later determined that the electric wire was a service drop line belonging to South Central Bell to service a residence across the street from the main line and that the wire was dead.
The only eye witness to the falling of the wire was the bus driver who testified that he had made 5 prior trips along that route, the last one and one-half hours before and that he had not noticed the wire at all, but that as he approached, he noticed the wire falling about ten feet in front of him, and stopped immediately. There were no vehicles or trucks immediately in front of him, and he could not say what caused the wire to fall. Testimony of repairmen who viewed the wire later was that the wire had broken towards its center, and had not pulled away from the connectors on either end.
The owner of a public service franchise is generally responsible for the maintenance of its equipment, and particularly electric wires such as here involved. The unexpected and unexplainable breaking of such a wire falling across a public street is a sufficient showing to establish responsibility upon the owner for foreseeable damages caused thereby. The plaintiff in this case has produced a prima facie case of negligence against South Central Bell and the burden of proof shifted to that defendant to extricate itself by showing lack of negligence or intervening cause. In this case, evidence was produced that such a wire does not normally break in the center, and that experience has shown usually some intervening cause, such as an oversized truck or other piece of machinery striking the wire and immediately breaking it, or stretching it to the point where subsequent breakage occurs. In this case, there was no showing that the wire was properly placed before the accident, nor any use of the street by any oversized vehicles. The evidence consisted of speculation as to what might have occurred and the trial judge apparently rejected that evidence in favor of a verdict for plaintiff. We find no manifest error in the judgment complained of.
*407 The judgment is affirmed.

AFFIRMED.

LEMMON, J., concurs.